**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**CATHY G. BARBER, STEVEN B. BARBER, and
STEVEN B. BARBER, II,**

                            **Plaintiffs,**

                            **v.**                                    **1:06-CV-630
                                                                  (FJS/RFT)**

**RLI INSURANCE COMPANY,**

                            **Defendant.**
_____

| **APPEARANCES** | **OF COUNSEL** |
|---|---|
| **OFFICE OF DANIEL A. EHRING**<br>20 Corporate Woods Boulevard<br>3rd Floor<br>Albany, New York 12211<br>Attorneys for Plaintiff | **DANIEL A. EHRING, ESQ.** |
| **KAUFMAN BORGEEST & RYAN LLP**<br>99 Park Avenue<br>New York, New York 10016<br>    — and —<br>200 Summit Lake Drive<br>Valhalla, New York 10595<br>Attorneys for Defendant | **JOAN M. GILBRIDE, ESQ.**<br>**LEONARD B. COOPER, ESQ.** |

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Plaintiffs bring this declaratory judgment action against Defendant RLI Insurance Company ("RLI"), asserting the following claims: (1) violations of state insurance law for failure to investigate the accident and notify Plaintiffs of its decision to deny coverage and disclaim

liability in a timely manner and (2) two claims for breach of contract. Plaintiffs move, pursuant to Fed. R. Civ. P. 12(c), for judgment on the pleadings on the basis that Defendant cannot establish a set of facts that would preclude Plaintiffs from obtaining relief and that Defendant's failure to make a timely disclaimer renders its disclaimer ineffective as a matter of law. Plaintiffs also move pursuant to Fed. R. Civ. P. 12(f) to strike Defendant RLI's affirmative defenses. Finally, Plaintiffs move for attorney's fees under the authority of *Mighty Midgets Inc. v. Centennial Ins. Co.*, 47 N.Y.2d 12, 21 (1979). Defendant cross-moves pursuant to Fed. R. Civ. P. 12(c) for judgment on the pleadings for failure to state a claim.

## II. BACKGROUND

In 1997, Plaintiffs purchased the M/V PAPA BEAR, a 1997 Cobalt 22 foot open bow boat with a 7.4 liter engine (the "Boat"). Plaintiffs obtained a primary insurance policy through Continental Casualty Company that provided bodily injury and property damage coverage with a limit of $300,000 per occurrence ("Continental Policy").

On June 7, 2005, Plaintiffs obtained a personal umbrella liability policy from Defendant RLI with a $1,000,000 limit for the period of June 7, 2005, through June 7, 2006 ("RLI Policy").[1] Plaintiffs Steven B. and Cathy G. Barber are the named insureds in the RLI Policy, and Plaintiff Steven B. Barber, II, their son, is a blood relative under the RLI policy.

On June 11, 2005, Plaintiff Steven B. Barber, II operated the Boat carrying a number of

---

[1] Although the complaint uses the term Plaintiffs to describe the purchasers of the Boat and insurance policies, it appears that Plaintiffs Steven B. and Cathy G. Barber own the Boat and are the named insureds under the policies and that Plaintiff Steven B. Barber, II is their son but not an owner or named insured, except as a relative.

guests on Lake George in New York with the permission of Plaintiff Cathy Barber. The Boat ran aground on Tea Island in Lake George causing severe injuries to a number of the guests on the Boat. On June 12, 2005, Plaintiffs Steven B. and Cathy G. Barber notified their insurance agent, Avid Insurance Agency, Inc., Continental, and RLI of the incident. Both Continental and RLI inspected the Boat in July and November of 2005.

On July 20, 2005, Marlene Izzano, a guest on the Boat, commenced a lawsuit in New York Supreme Court in the County of Warren against Plaintiff Steven B. Barber, II. Thereafter, numerous other lawsuits were commenced against one or all of the Plaintiffs.

On November 23, 2005, Plaintiff Cathy G. Barber commenced an action in this Court, No. 05-CV-1464, for exoneration from or limitation of liability. On January 31, 2006, BOAT U.S., the marine insurance claims representative of Continental, tendered its defense of the claims against Plaintiffs, requested that Defendant RLI withdraw its reservation of rights and provide defense and coverage, and advised Defendant RLI that Continental tendered to Defendant RLI its policy limits of $300,000 to assume and conduct the defense and handling of claims from this incident.

### III. DISCUSSION

**A.    Rule 12(c) standard**

Both parties have moved pursuant to Fed. R. Civ. P. 12(c), which permits the entry of judgment as a matter of law on the basis of the pleadings alone. *See Jackson v. Immediate Credit Recovery, Inc.*, No. CV-05-5697, 2006 WL 343180, *3 (E.D.N.Y. Nov. 28, 2006) (citing *Burns Int'l Sec. Servs. v. Int'l Union, UPGWA*, 47 F.3d 14, 16 (2d Cir. 1995)). Pleadings include

attached exhibits and documents incorporated by reference. *See id.* (citation omitted). The same standard applies to Rule 12(c) motions as applies to Rule 12(b)(6) motions. *See id.* (quotation omitted).

Under Rule 12(b)(6), "[a] complaint must plead 'enough facts to state a claim for relief that is plausible on its face.'" *Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)). The Second Circuit interprets *Twombly* to require "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*" rather than a heightened fact-pleading requirement. *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007).

The court must draw inferences in favor of the non-moving party. *See State of N.Y. v. Oneida Indian Nation of N.Y.*, No. 1:95-CV-554, 2007 WL 2287878, *3 (N.D.N.Y. Aug. 7, 2007) (citation omitted). A court should grant a motion for judgment on the pleadings "only if the movant establishes 'that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law.'" *Ogilvy Group Sweden, AB v. Tiger Telematics, Inc.*, No. 05 Civ. 8488, 2006 WL 547785, *2 (S.D.N.Y. Mar. 7, 2006) (quotation omitted). A court may grant a partial judgment on the pleadings. *See id.* (citation omitted).

**B.    Plaintiff's motion for judgment on the pleadings**

*1. Defendant RLI's duty to defend*

Under New York law, a primary insurer has the primary duty to defend on behalf of its insured without the right to contribution from an excess insurer. *See Gen. Motors Acceptance*

*Corp. v. Nationwide Ins. Co.*, 4 N.Y.3d 451, 455-56 (2005) (quotations omitted).  An excess insurer may participate in the defense to protect its interest, but the law does not obligate it to do so.  *See id.* at 456-57 (noting that primary insurers' premiums are higher to reflect the contemplation of defending potential lawsuits and that "primary insurer's duty to defend is not diminished . . . simply because its policy limits are more easily exceeded in any given case"); *see also Liberty Surplus Ins. Corp. v. The Segal Co.*, 420 F.3d 65, 69 (2d Cir. 2005) (citations omitted).  Under the RLI Policy, Defendant RLI has no duty to defend unless the injury is covered by the RLI policy and not covered under the primary policy.  *See* Complaint, Exhibit 2, RLI Policy at 5.  Accordingly, Defendant RLI, if it has any duty to defend, would only have to defend if the primary insurer was not obligated to do so.

The tender of a policy limit does not relieve a primary insurer of the duty to defend where the contract unambiguously establishes that defense costs are in addition to the policy limit, the tender of the policy limit does not extinguish the duty to defend,  and the  insurer is obligated to defend until the exhaustion of the policy limits through payment of either a judgment or settlement.  *See Royal Ins. Co. of Am. v. Lexington Ins. Co.*, No. 02 Civ. 2085, 2004 WL 1620877, *3 (S.D.N.Y. July 20, 2004) (citations omitted).  The insurance policy in *Royal* provided that the insurer had a duty to defend, that the costs of defense were in addition to policy limits, and that the duty to pay claims and defend ended at exhaustion of the policy limits "by the payment of judgments or settlements and the discharge of its defense and payment obligations . . . ."  *Id.* at *2.  The duty to defend, under New York law, survives the exhaustion of the policy

limits[2] and is a distinct promise that is broader than the duty to indemnify. *See id*. at *4 (citations omitted).

The primary insurance policy provides in pertinent part:

> We will settle or defend, as we consider appropriate, any claim or suit covered under this policy which asks for these damages. We will pay for an attorney we select to defend you, and the cost of your defense is in addition to the limit of liability as stated on the Declarations Page . . . . Once we have paid the limit of liability for any covered damages, including removal of wreck, our obligation to pay any damages, or to provide you with a defense, ends.

*See* Complaint, Exhibit 1, Continental Policy at 6-7. The Continental Policy is analogous to the policy in *Royal* in that both policies contain a duty to defend, that the costs of defense are in addition to the policy limits, and that the duty to defend ends on the actual payment, not merely the tendering, of policy limits. Both parties agree that Continental has not paid the limit of liability for covered damages; rather, Continental "tender[ed] its policy limits of $300,000 to RLI to assume and conduct the defense and further handling of any and all claims arising out of this matter." *See id*. Exhibit 5, Letter from Lyn Kagey to Ted McGrath dated Jan. 31, 2006 ("Disclaimer Letter"), at 2. Therefore, Continental has not exhausted its policy limits as it has not paid a settlement to release Plaintiffs or paid all or part of a judgment against Plaintiffs.

Furthermore, under New York insurance law and under the terms of the applicable

---

[2] "In order to exhaust its policy limits, a primary insurer must actually pay a settlement in exchange for its insured's release, or in full or partial satisfaction of a judgment against its insured." 23 Appleman on Insurance 2d § 145.2(A) (footnote omitted); *see also Hartford Accident & Indemnity Co. v. Cont'l Nat'l Am. Ins. Cos.*, 861 F.2d 1184, 1186 (9th Cir. 1988) (rejecting, under California law, contention that letter conceding liability to the extent of its policy constitutes payment to release primary insurer of duty to defend); *cf. United States Fire Ins. Co. v. CNA & Transcontinental Ins. Co.*, 300 A.D.2d 1054, 1055 (4th Dep't 2002) (finding coverage exhausted by payment of money towards a settlement).

insurance contracts, Defendant RLI does not have a duty to defend Plaintiffs as a matter of law. Accordingly, the Court denies Plaintiffs' motion for judgment on the pleadings based on the duty to defend and grants Defendant RLI's motion for judgment on the pleadings to the extent that the complaint seeks to compel Defendant RLI to defend Plaintiffs.

### 2. *Timing of Defendant RLI's disclaimer*

New York insurance law requires insurers to provide written notice of disclaimers of liability for accidents occurring in New York involving bodily injury "as soon as is reasonably possible." *See* N.Y. Ins. Law § 3420(d). This statute applies to excess insurers; however, excess insurers' responsibilities are not triggered by knowledge of a claim and defense. *See Indep. Petrochemical Corp. v. Aetna Cas. & Surety Co.*, No. 83-3347, 1988 WL 877629, *11 (D.D.C. Sept. 7, 1988) (applying New York law). Generally, excess insurers have no obligation to defend or indemnify until the primary insurance is exhausted; and, therefore, the duty to give notice of disclaimer of liability arises at the time of exhaustion. *See id.* (citations omitted). An excess insurance carrier, whose policy does not afford coverage until the primary coverage is exhausted, has no duty to serve a notice of disclaimer. *See Zappone v. Home Ins. Co.*, 55 N.Y.2d 131, 139 (1982) (citations omitted). The RLI policy provides coverage for amounts for which the insureds "become[] legally liable" in excess of the primary policies. *See* Compliant, Exhibit 2, RLI Policy at 4. As noted above, the primary insurance policy has not been exhausted by Continental's letter. Therefore, Defendant had no duty to send Plaintiffs a disclaimer of liability; and, thus, as a matter of law, Defendant's disclaimer could not have been unreasonably late. Similarly, Defendant RLI is not yet liable to indemnify Plaintiff, since Plaintiff has not yet

become legally liable for any injury. Accordingly, the Court denies Plaintiffs' motion for judgment on the pleadings based on the timing of the disclaimer and grants Defendant RLI's motion for judgment on the pleadings to the extent that the complaint seeks a declaration that Defendant's disclaimer is invalid based on when it was issued.

### 3. *Validity of Defendant RLI's disclaimer*[3]

On August 25, 2005, Defendant RLI wrote Plaintiffs setting forth the coverage that Defendant RLI provided and reserving its rights under the RLI Policy, including the right to disclaim coverage until after an investigation, its rights under an exclusion for watercraft with a maximum speed greater than fifty miles per hour, and an exclusion for injuries arising from the giving or serving of alcoholic beverages. On March 16, 2006, Defendant RLI sent Plaintiffs a disclaimer of coverage. Defendant RLI asserted two exclusions permitting it to deny coverage: (1) Section IV.U. based on the maximum speed of the Boat and (2) Section IV.R. based on injuries arising out of the giving and serving of any alcoholic beverages. *See* Disclaimer Letter at 2. Defendant RLI also noted that other insurance policies must pay first under the RLI policy and that other exclusions and coverage limitations might apply. *See id*. at 2-3.

Plaintiffs move for judgment on the pleadings that neither of the asserted exclusions apply. The RLI Policy provides as follows:

> This policy does not provide coverage for:
>
>    *  *  *

---

[3] Although the Court finds that Defendants were not obligated to disclaim coverage; their disclaimer creates a controversy with respect to whether Plaintiffs are entitled to indemnity from Defendant RLI for any liability they incur from the accident.

> R. **Injury** arising out of the giving or serving of any alcoholic beverage unless also covered by valid and collectible insurance under the **Basic Policy** for the full Minimum Limit of Coverage shown for such **Basic Policy** in the Declarations.
>
> *       *       *
>
> U. **Injury** arising out of the ownership, maintenance, operation, boarding or debarking of any **Watercraft** which exceeds forty-five (45) feet in length and/or which maximum speed exceeds fifty (50) miles per hour. This exclusion does not apply to jet skis and waverunners.

*See* Complaint, Exhibit 2, RLI Policy at 4-5. When the plain language of an insurance contract conveys the intent of the contract, courts should give effect to that meaning. *See Royal*, 2004 WL 1620877, at *2 (citations omitted). The court should look at the entire contract, and not isolated sentences, to determine the parties' intentions. *See id*.

Ambiguity does not exist in a contract because the parties submit different interpretations; the question of ambiguity is one of law. *See Hugo Boss Fashions, Inc. v. Fed. Ins. Co.*, 252 F.3d 608, 616 (2d Cir. 2001) (quotations omitted). A word or phrase is ambiguous if it is capable of more than one meaning under the objective view of a reasonably intelligent person who has examined the entire agreement and is aware of the customs, practices, usages and terminology of the trade or business. *See id.* (quotation omitted).

### a. *Maximum speed exclusion*

Plaintiffs assert that the maximum speed exclusion is ambiguous regarding how and when to measure the maximum speed of the Boat and that there is no evidence that the maximum speed of the Boat exceeded 50 mph. For the purposes of this motion, but without conceding the point, Defendant RLI presented the application of the exclusion under Plaintiffs' interpretation

that the maximum speed should be measured at the time of the accident. *See* Defendant's Memorandum of Law at 17 n.1. Defendant RLI cites its own investigation for the proposition that the Boat had a maximum speed in excess of 50 mph, and Plaintiff cites the primary insurer's report for the opposite conclusion. The Court accepts Defendant RLI's limited concession for the purposes of this motion[4] and finds that there is a set of facts that Defendant could establish, i.e., that the Boat at the time and under the conditions of the accident was capable of speeds in excess of 50 mph, which would defeat Plaintiff's claim. Accordingly, the Court denies Plaintiffs' motion for judgment on the pleadings with respect to this exclusion. *See Ogilvy Group,* 2006 WL 547785, at *2.

### b. Alcoholic beverage exclusion

Plaintiffs appear to contend that the alcoholic beverage exclusion applies only if Plaintiff Steven Barber, II gave or served alcoholic beverages to the passengers and that his doing so caused the injuries. On the other hand, Defendant contends that Plaintiff Steven Barber, II was intoxicated while piloting the boat at the time of the accident and that the exclusion applies because his intoxication caused the injuries and arose out of the giving or serving of alcoholic beverages.

The Court concludes that Plaintiffs' interpretation of this exclusion, as limited to the giving or serving of alcoholic beverages to the injured parties, is unreasonable. Furthermore, there is nothing in the record to support a finding that the passengers in the boat at the time of the

---

[4] Accordingly, the Court need not address whether or not this exclusion is ambiguous at this time.

accident in any way caused the accident. Nonetheless, the Court finds that judgment on the pleadings with respect to the application of this exclusion is unwarranted because plausible factual scenarios exist and material issues of fact remain as to whether Plaintiff Steven Barber, II was intoxicated while piloting the boat and, if so, whether his intoxication was a cause of the accident and who served or gave him any alcoholic beverages.[5]

### B.     Defendant's motion for judgment on the pleadings

As discussed above in the context of Plaintiffs' motion, the Court grants Defendant's motion for judgment on the pleadings to the extent that the complaint seeks to have the Court issue an order for Defendant to defend, issue a declaration that Defendant is obligated to disclaim liability or that Defendant's disclaimer was untimely. With regard to the validity of Defendant's disclaimer and the exclusions, Defendant RLI moves for judgment on the pleadings on the basis that Plaintiffs have only made conclusory assertions that the boat was not capable of speeds in excess of 50 mph.[6] The Court disagrees and finds that the primary insurer's report is sufficient to raise an issue of fact about whether the boat was capable of speeds in excess of 50 mph. Accordingly, the Court denies Defendant's motion for judgment on the pleadings as to the application of the maximum speed exclusion.

---

[5] With regard to the alcoholic beverage exclusion, the phrase "giving or serving of any alcoholic beverage" is ambiguous insofar as an objective, reasonably intelligent person could conclude that the exclusion applies only if the person who gave or served the alcoholic beverage is an insured under the policy or the exclusion applies irrespective of who gave or served the alcoholic beverage.

[6] Defendant did not move for judgment on the pleadings based on the alcoholic beverage exclusion.

-11-

**C.     Plaintiffs' motion to strike affirmative defenses**

Under Federal Rule of Civil Procedure 12(f), the court may strike insufficient defenses and "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). On a Rule 12(f) motion "the plaintiff must show that: '(1) there is no question of fact which might allow the defense to succeed; (2) there is no question of law which might allow the defense to succeed; and (3) the plaintiff would be prejudiced by inclusion of the defense." *SEC v. Alexander*, 248 F.R.D. 108, 109 (E.D.N.Y. 2007) (citing *SEC v. McCaskey*, 56 F. Supp. 2d 323, 326 (S.D.N.Y. 1999)). Increased time and complexity of trial may constitute sufficient prejudice. *See id.* (citation omitted). Motions to strike affirmative defenses are generally disfavored, and courts should refrain from tampering with pleadings absent strong justification. *See Quanta Specialty Lines Ins. Co. v. Investors Capital Corp.*, No. 06 CIV. 4624, 2008 WL 1910503, *4 (S.D.N.Y. Apr. 30, 2008) (citations omitted) ("Moreover, '"unless it is clear that the allegations in question can have no possible bearing on the subject matter of the litigation,"' motions to strike allegations in the pleadings should be denied." (quotation omitted)).[7]

The Court has already discussed Defendant RLI's Affirmative Defenses Nos. 1, 2, 3, 8, 9, 11, and 12 and either found issues of law and/or fact or found in Defendant RLI's favor on the issues raised in these defenses. Accordingly, the Court denies Plaintiffs' motion to strike these defenses.

The Court has not, however, discussed Defendant RLI's Affirmative Defenses Nos. 4

---

[7] As one court recently noted, "[t]here is nothing dumber than a motion to strike boilerplate affirmative defenses; it wastes the client's money and the court's time." *Raymond Weil, S.A. v. Theron*, No. 07 Civ. 1786, --- F. Supp. 2d ----, ----, 2008 WL 4450267, *16 (S.D.N.Y. Sept. 30, 2008).

(Plaintiff's obligations under the policy), 5 (waiver), 6 (estoppel)**,** 7 (failure to mitigate), 10 (other insurance).  Although Plaintiffs argue that these defenses are without merit, Plaintiffs have not shown that these defenses have no bearing on the lawsuit, have not shown that there are no facts that would allow these defenses to succeed such that Defendant RLI is not entitled to discovery, and have not made any showing of prejudice.  Therefore, the Court finds that Plaintiffs have not met their burden to show a strong justification for striking these affirmative defenses and denies Plaintiffs' motion to strike these defenses.

### D.      Plaintiffs' motion for attorney's fees

As Plaintiffs have not yet succeeded on any of their claims, the Court denies Plaintiffs' motion for attorney's fees as premature.[8]

---

[8] Generally, under New York law, an insured cannot recover his legal expenses in a controversy over insurance coverage.  *See Employers Mut. Cas. Co. v. Key Phamaceuticals*, 75 F.3d 815, 824 (2d Cir. 1996) (quotation omitted).  However, an insured, who is cast in a defensive posture by an insurer's legal steps to free itself from policy obligations, who prevails in defending against the insurer's action may recover attorney's fees.  *See U.S. Underwriters Ins. Co. v. City Club Hotel, LLC*, 3 N.Y.3d 592, 597-98 (2004) (citing *Mighty Midgets* [*Inc. v. Centennial Ins. Co.*,] 47 N.Y.2d [12,] 21 [(1979)]).  However, "'[i]t is well established that an insured may not recover the expenses incurred in bringing an afirmative action against an insurer to settle its rights under the policy.'" *West 56th St. Assocs. v. Greater N.Y. Mut. Ins. Co.*, 250 A.D.2d 109, 114 (1st Dep't 1999) (finding that insured put the insurer in a defensive posture by commencing a declaratory judgment action and rejecting argument that redundant counterclaim for declaratory judgment put insured in defensive posture) (quoting *New York Univ. v. Continental Ins. Co.*, 87 N.Y.2d [308,] 324, 639 N.Y.S.2d 283, 662 N.E.2d 763 [(1995)]).  Since Plaintiffs commenced this action, their claim for attorney's fees is contrary to clearly established New York law.  Furthermore, as the Court has granted Defendant RLI's motion for judgment on the pleadings with respect to Plaintiffs' claim regarding Defendant's duty to defend, the Court also denies Plaintiffs' motion for attorney's fees on the ground that the duty to defend is no longer at issue.  *See Employers Mut. Cas. Co.*, 75 F.3d at 824 (finding that attorney's fees may not be awarded under *Mighty Midgets* where the duty to defend is not at issue).

## IV.  CONCLUSION

After carefully considering the entire file in this matter, the parties' submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Plaintiffs' motion for judgment on the pleadings is **DENIED** in its entirety; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings is **GRANTED** to the extent that the complaint seeks to have the Court issue an order for Defendant to defend, issue a declaration that Defendant is obligated to disclaim liability or that Defendant's disclaimer was untimely,  and is otherwise **DENIED**; and the Court further

**ORDERS** that Plaintiffs' motion to strike Defendant RLI's affirmative defenses is **DENIED**; and the Court further

**ORDERS** that Plaintiffs' motion for attorney's fees is **DENIED**; and the Court further

**ORDERS** that this matter is referred to Magistrate Judge Treece for all further pretrial matters.

**IT IS SO ORDERED.**

Dated: December 22, 2008
       Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Court Judge